UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-cv-454-MOC-DCK

| | |
|---|---|
| KIMBERLY DENNIE and KIRK LAYNE, individually, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> BANK OF AMERICA, N.A., <br><br> Defendant. | **ORDER** |

**THIS MATTER** is before the Court on a Partial Motion to Dismiss for Failure to State a Claim by Defendant Bank of America, N.A. ("Defendant" or "BANA"). (Doc. No. 21).

I. Background

This case arises from two similar situations involving Defendant's decision not to reimburse Plaintiffs Kimberly Dennie and Kirk Layne ("Plaintiffs") for transactions made after their debit cards were lost or stolen. After losing her debit card, Plaintiff Dennie submitted a claim for unauthorized activity for over $3,000 in fraudulent purchases. Defendant denied the claim, concluding that the charge was authorized by someone who had permission to use the card. Plaintiff Layne was drugged and robbed of his phone and BANA debit cards. Defendant concluded that subsequent ATM transactions were fraudulent, but that other charges during that time were authorized by someone who had permission to use the card. In both cases, Plaintiffs took further steps to appeal the decision but were not reimbursed for the transactions.

On May 6, 2024, Plaintiff Dennie filed a class action complaint in this Court on behalf of herself and all others similarly situated. (Doc. No. 1). On July 19, 2024, Plaintiffs Dennie and

1

Layne filed an Amended Complaint. (Doc. No. 14). On August 19, 2024, Defendant filed the pending motion to dismiss the non-contract claims in Plaintiffs' Amended Complaint. (Doc. No. 21). Plaintiffs filed a response on September 17, 2024. (Doc. No. 25). Defendant filed a reply on September 30, 2024. (Doc. No. 27). This matter is now ripe for disposition.

II. DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) provides that a motion may be dismissed for failure to state a claim upon which relief can be granted. A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint without resolving contests of fact or the merits of a claim. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992), cert. denied, 510 U.S. 828 (1993). Thus, the Rule 12(b)(6) inquiry is limited to determining if the allegations constitute "a short and plain statement of the claim showing the pleader is entitled to relief" pursuant to Federal Rule of Civil Procedure 8(a)(2). To survive a defendant's motion to dismiss, factual allegations in the complaint must be sufficient to "raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, a complaint will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

For the purposes of a Rule 12(b)(6) analysis, a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). The Court must draw all reasonable factual inferences in favor of the plaintiff. Priority Auto Grp., Inc. v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014). In a Rule 12(b)(6) analysis, the Court must separate facts from legal conclusions, as mere conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678. Importantly, "[t]hreadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." Id. However, well-pleaded factual allegations are entitled to a presumption of truth, and the court should determine whether the allegations plausibly give rise to an entitlement to relief. Id. at 679.

Given the lenient pleading standards of Iqbal and Twombly, the Court will deny the Rule 12(b)(6) motion to dismiss at this time.

### III. CONCLUSION

Defendant's motion to dismiss is denied pending further development of the record.

**IT IS, THEREFORE, ORDERED** that:

1. The Motion to Dismiss filed by Defendant, (Doc. No. 21), is **DENIED**.

Signed: December 18, 2024

Max O. Cogburn Jr.
United States District Judge

3

Case 3:24-cv-00454-MOC-DCK     Document 29     Filed 12/18/24     Page 3 of 3